U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

FEB 1 1 2013

TONY R. MOORE, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| MSI-Defense Systems, Ltd | Civil Action 12-2975 |
| versus | Judge Richard T. Haik |
| Swiftships Shipbuilders, LLC | Magistrate Judge C. Michael Hill |

**ORDER**

Before the Court is a Motion To Vacate Notice of Entry Of Default Judgment [Rec. Doc. 7], filed by defendant Swiftships Shipbuilders, LLC ("Swiftships"). Defendant requests that the Court set aside the Entry of Default entered on January 10, 2013, pursuant to the motion filed by plaintiff, MSI Defence Systems Ltd. ("MSI").

"In assessing a motion to vacate a default judgment, the Fifth Circuit interprets Rule 60(b)(1) as incorporating the Rule 55 'good-cause' standard applicable to entries of default." *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir.2008). The following factors are to be considered for good cause under subsection (1): whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *Id.* (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir.2008)). Additionally, courts may consider: whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default. *Id.* A court need not consider all of these factors, but instead these factors are to be used to identify circumstances which warrant a finding of "good cause." *Id.*

Swiftships contends in its motion to vacate the default judgment against it that its actual agent for service of process was never served by plaintiff, and therefore, Swiftships never received the Notice of Entry of Default pursuant to LR 55.1. The record indicates that a Proof of Service of Summons on behalf of MSI was entered on December 18, 2012, stating that "Mary E. Terry" was served on December 12, 2012. *R. 4*. The Proof of Service

provides no address for service. *Id.* Thereafter, on January 10, 2013, MSI filed a motion for entry of default as to Swiftships and the Clerk of Court entered a Notice of Entry of Default. *R. 5, 6.* Swiftships represents that, contrary to MSI's Proof of Service, the company's agent for service is "Ryan Baudry." *R. 6.* In fact, the Louisiana Secretary of State's online database provides that "Ryan Baudry, 111 Wilson St., Franklin, LA 70583" was appointed Swiftships' registered agent on August 26, 2009. *See, www.sos.la.gov.* There is no mention of "Mary E. Terry" in relation to Swiftships.

The Court finds Swiftships has shown good cause in that the default was not willful, setting the default aside would not prejudice MSI at this stage in the litigation, and Swiftships has presented a meritorious defense of defective service. Accordingly, as entry of a default judgment is not appropriate under the circumstances of this case,

**IT IS ORDERED** that the Motion To Set Aside Default [Rec. Doc. 7] is **GRANTED.**

**IT IS FURTHER ORDERED** that the January 10, 2013 default entered against Swiftships Shipbuilders, LLC is **VACATED.**

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 11th day of February, 2013.

Judge Richard T. Haik
United States District Judge